UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Louay G. Namo,                             Case No.: 23-41956
                                                                 Chapter 7
         Debtor.                             Hon. Mark A. Randon
_____/

Mark H. Shapiro,

        Plaintiff,

v.                                                       Adversary Proceeding
                                                         Case No.: 24-04163

Luma N. Nagara,

        Defendant.
_____/

**<u>OPINION AND ORDER DENYING THE TRUSTEE'S
MOTION FOR SUMMARY JUDGMENT</u>**

**I. INTRODUCTION**

The issue in this case is whether a transfer in exchange for zero dollars can nevertheless constitute reasonably equivalent value for purposes of a constructively fraudulent transfer. Because this situation may present the exceptional case where it can, the Court **DENIES** the Chapter 7 Trustee's motion for summary judgment.

**II. BACKGROUND**

Like many siblings, Luma N. Nagara and Louay G. Namo had to make living arrangements for their aging parents. They decided it was best to purchase a condominium for them in Sterling Heights, Michigan, conveniently located across the street from Nagara's residence. At the time, Nagara could not qualify for the mortgage needed to finance the purchase, so she and her brother made an oral agreement: Namo would obtain financing for, and

take title to, the condominium; Nagara would pay the $25,000 down payment, and all carrying costs, including the monthly mortgage payments, taxes, utilities, association fees, and insurance premiums. The proceeds from any future sale of the condominium would first go to Nagara until she was fully reimbursed for all of her condo-related expenditures.

As agreed, the condominium was purchased in 2004 for between $118,000 and $120,000. The house note and deed were in Namo's name. Namo and Nagara's parents lived there for 17 years until their father passed away, and their mother became eligible for low-income housing. During this period, Nagara estimates she paid over $190,000 in mortgage payments and condo-related expenses; Namo paid nothing. The condominium was sold on June 1, 2021, for $100,000—$18,000-$20,000 *less than* the original purchase price. Namo transferred the $34,784.31 in sale proceeds to Nagara's bank account on June 9, 2021. He received none of the proceeds and filed Chapter 7 bankruptcy—21 months later—on March 7, 2023. The Trustee filed this adversary proceeding seeking to avoid the transfer and recover the sale proceeds from Nagara as a constructively fraudulent transfer.

### III. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment must be granted "if the movant shows that there are no genuine issues as to any material fact in dispute and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 340 (6th Cir. 2011). The standard for determining whether summary judgment is appropriate is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law." *Pittman v. Cuyahoga County Dep't of Children Services*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

"In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party." *Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003). The Court must also draw all reasonable inferences in favor of the party opposing the motion. *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011). However, the nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). A mere scintilla of evidence is insufficient; there must be evidence on which a jury could reasonably find for the non-movant. *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011).

## IV. ANALYSIS

Under 11 U.S.C. § 548(a):

> [t]he trustee may avoid any transfer . . . of any interest of the debtor in property . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily–
>
> \* \* \*
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer . . .; and
>
> (ii)(I) was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer[.]

The parties agree that the issue to be decided is whether Namo received reasonably equivalent value in exchange for the transfer.

-3-

24-04163-mar    Doc 25    Filed 01/13/25    Entered 01/14/25 09:14:34    Page 3 of 5

"Value" is defined as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor[.]" 11 U.S.C. § 548(d)(2)(A). "'[R]easonably equivalent' is not defined by the Bankruptcy Code, but focus has been placed upon the consideration received by the debtor, not the value given by the transferee:

> [T]he proper focus is on the net effect of the transfers on the debtor's estate, the funds available to the unsecured creditors. As long as the unsecured creditors are no worse off because the debtor, and consequently the estate, has received an amount reasonably equivalent to what it paid, no fraudulent transfer has occurred."

*Congrove v. McDonald's Corp. (In re Congrove)*, 222 F. App'x 450, 454 (quoting *Harman v. First Am. Bank of Md. (In re Jeffrey Bigelow Design Group, Inc.)*, 956 F.2d 479, 484 (4th Cir. 1992)). "[A] reasonably equivalent value determination should be based on all of the facts and circumstances of the case. The Court should 'compare what was given with what was received.' And, in making this determination, both direct and indirect benefits should be considered. It is not necessary that there be an exact exchange in order to establish reasonably equivalent value[.]" *Tomsic v. Pitocchelli (In re Tri-Star Technologies Co., Inc.)*, 260 B.R. 319, 325-26 (Bankr. D. Mass. 2001).

Here, Namo transferred the sale proceeds to Nagara and received nothing in return. However, all of the proceeds derived exclusively from—non-debtor—Nagara's down payment and ongoing mortgage payments, because the property had *depreciated* in value. *See Nathan v. deBruin (In re deBruin)*, No. 20-48962, 2022 WL 828299 (Bankr. E.D. Mich. Mar. 18, 2022) (recognizing the difference in equity derived from mortgage payments versus property appreciation for purposes of unjust enrichment). Absent Nagara's payments, the value of

Namo's interest in the property when sold would have been a net negative (i.e., $18,000-$20,000 underwater). *Lassman v. Sergio (In re Sergio)*, 552 B.R. 9, 19-20 (Bankr. D. Mass. 2016) (Considering the liens, debtor's interest in the real property when transferred was effectively zero dollars and, accordingly his receipt of essentially zero dollars in exchange was reasonably equivalent value). In other words, viewing the evidence in the light most favorable to Nagara, without her financial contributions, the sale of Namo's condominium would have yielded nothing for unsecured creditors. And there would be no net effect on Namo's bankruptcy estate.

## V. CONCLUSION

Because there is a question of fact regarding whether Namo received reasonably equivalent value in exchange for the transfer, the Court **DENIES** the Chapter 7 Trustee's motion for summary judgment.

**IT IS ORDERED**.

**Signed on January 13, 2025**

/s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**